# IN THE SUPREME COURT OF IOWA

No. 103 / 06–1461

Filed September 26, 2008

**STATE OF IOWA,**

    Appellant,

vs.

**JOHN EDWARD COWLES,**

    Appellee.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Davis County, Daniel P. Wilson, Judge.

On further review of a decision of the court of appeals affirming the district court's ruling that a portion of defendant's sentence was illegal. **COURT OF APPEALS DECISION VACATED; DISTRICT COURT RULING REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

Thomas J. Miller, Attorney General, Mary Tabor and Karen Doland, Assistant Attorneys General, and Rick Lynch, County Attorney, for appellant.

Justin Kurt Swaim of Swaim Law Firm, Bloomfield, for appellee.

**HECHT, Justice.**

We are asked, on further review of a decision of the court of appeals, to decide whether the district court erred in concluding it imposed an illegal mandatory minimum sentence. We conclude the sentence was not illegal under the circumstances presented here, and the district court therefore erred in correcting it. Accordingly, we vacate the decision of the court of appeals affirming the "correction" of the sentence, reverse the district court's ruling, and remand for entry of a judgment reinstating the mandatory minimum sentence.

## I. Factual and Procedural Background.

On March 14, 2003, John Edward Cowles was charged with twenty counts of sexual abuse in the second degree,[1] a class "B" felony, four counts of sexual abuse in the third degree,[2] a class "C" felony, and one count of incest,[3] a class "D" felony. The parties reached a plea agreement. Cowles pled guilty on July 18, 2003 to one count of sexual

---

[1]Each of the twenty counts alleged Cowles committed sexual abuse in the second degree against his minor daughter in violation of Iowa Code sections 709.1 and 709.3(2) "[o]n or about April 9, 1996 through February 2, 1997" when the victim was under the age of 12.

[2]Count XXI alleged Cowles committed sexual abuse in the third degree in violation of Iowa Code section 709.1 and section 709.4(2)(*b*) between the dates of February 3, 1997 and February 2, 1998 when his daughter was 12 or 13 years of age. Count XXII alleged Cowles violated the same statutes between the dates of February 3, 1998 and February 2, 1999. Count XXIII charged Cowles with acts of sexual abuse against the same victim in violation of Iowa Code section 709.1 and section 709.4(2)(*c*)(1)–(4) between the dates of February 3, 1999 and February 2, 2000 when his daughter was 14 or 15 years old. In count XXIV, the State alleged Cowles violated the same statutes between the dates of February 3, 2000 and February 2, 2001.

[3]Count XXV of the information alleged Cowles committed incest between February 3, 2001 and February 2, 2002 in violation of Iowa Code section 726.2.

abuse in the second degree,[4] four counts of sexual abuse in the third degree, and one count of incest.

To establish a factual basis for Cowles's guilty plea to the class "B" felony, the district court asked Cowles if he engaged in a sex act with his daughter "prior to February 3, 1997." Cowles responded affirmatively. The district court informed Cowles that, if convicted, he would be required to serve a minimum of seventy percent of the sentence for the class "B" felony. After Cowles's counsel affirmed he had advised his client of the relevant maximum and minimum penalties, the court accepted Cowles's guilty plea.[5]

Cowles requested he be sentenced the same day. The prosecutor and Cowles's counsel jointly recommended Cowles be sentenced to the maximum sentences of twenty-five years on the class "B" felony, ten years on each of the four class "C" felonies, and five years on the class "D" felony, with the sentences to run concurrently. In imposing the sentence, the court noted Iowa Code section 902.12 prescribes a mandatory minimum period of incarceration for conviction of sexual abuse in the second degree.

Cowles subsequently filed an application for correction of illegal sentence asserting the sentence violated state and federal constitutional prohibitions against ex post facto laws. The district court concluded the

---

[4]Cowles pled guilty to only one class "B" felony: Count XX. Although the information did not expressly allege the crime charged in that count occurred in January of 1997, the prosecutor asserted in the district court and the State asserts on appeal that the twenty class "B" felonies occurred at the rate of two per month during the months of April 1996 through January 1997. Thus, according to the State's theory, the crime charged in count XX was committed by Cowles in January 1997. The other nineteen counts of sexual abuse in the second degree were dismissed consistent with the terms of the plea agreement.

[5]The plea colloquy conducted by the sentencing court also addressed the other five offenses to which Cowles pled guilty. As Cowles's pleas to those offenses are not at issue in this appeal, we do not discuss them here.

mandatory minimum sentence imposed under Iowa Code section 902.12 for the conviction on count XX violated the Ex Post Facto Clause in Article I, Section 10 of the United States Constitution and the corollary clause found in article I, section 21 of the Iowa Constitution because the plea colloquy did not establish the crime of sexual abuse in the second degree was committed before July 1, 1996, the effective date of the statute. The court concluded "where the record does not establish otherwise, [the] court must presume the [sentence] may have been based on pre-July 1, 1996 acts." Having concluded the sentence originally imposed was unconstitutional and therefore illegal, the district court "corrected" Cowles's sentence by deleting from the judgment entry the reference to the applicability of section 902.12.

The State sought, and this court granted, discretionary review of the district court's ruling. We transferred the case to the court of appeals, and that court affirmed the district court's ruling. We granted the State's application for further review.

## II.     Scope of Review.

Ordinarily we review for errors at law a case challenging the legality of a sentence. *State v. Anderson,* 565 N.W.2d 340, 342 (Iowa 1997). In this instance, however, Cowles claimed and the district court concluded the sentence on the class "B" felony violated the Ex Post Facto clauses of the Iowa and United States Constitutions. We review constitutional claims de novo. *State v. Corwin,* 616 N.W.2d 600, 601 (Iowa 2000). When performing de novo review, "we must make 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *State v. Kinkead,* 570 N.W.2d 97, 99 (Iowa 1997) (quoting *State v. Cook,* 530 N.W.2d 728, 731 (Iowa 1995)).

### III. Discussion.

Iowa Code section 902.12 became effective on July 1, 1996. 1996 Iowa Acts ch. 1151, § 3. As originally adopted, the statute required a person convicted of sexual abuse in the second degree to "serve one hundred percent of the maximum term of the person's sentence . . . ." An amendment of the measure which became effective on July 1, 2003 provided in relevant part:

> A person serving a sentence for conviction of the following felonies shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence:
>
> . . . .
>
> 3. Sexual abuse in the second degree in violation of section 709.3.

2003 Iowa Acts ch. 156, § 11. As we have already noted, the district court concluded the mandatory minimum sentence prescribed by this statute could not be imposed on Cowles consistent with the Ex Post Facto clauses of the state and federal constitutions.

The United States Constitution states, "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. The Ex Post Facto Clause prohibits: (1) making criminal and punishing an act that was innocent when done; (2) reclassifying a crime as a greater offense after it was committed; (3) attaching greater punishment to a crime after it was committed; and (4) altering the rules of evidence after the crime in order to convict an offender. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 2719, 111 L. Ed. 2d 30, 39 (1990).

The Iowa Constitution similarly states, "[n]o ex post facto law . . . shall ever be passed." Iowa Const. art. I, § 21. "Both the federal and state constitutions' Ex Post Facto Clauses 'forbid the application of a new

punitive measure to conduct already committed,' and may also be violated 'when a statute makes more burdensome the punishment for a crime after its commission.' " *State v. Seering*, 701 N.W.2d 655, 666–67 (Iowa 2005) (quoting *Schreiber v. State,* 666 N.W.2d 127, 129 (Iowa 2003)); *see also State v. Klindt,* 542 N.W.2d 553, 554 (Iowa 1996); *State v. Soppe*, 374 N.W.2d 649, 652 (Iowa 1985).

Under the circumstances presented in this case, we conclude the mandatory minimum sentence did not violate the Ex Post Facto clauses. At his plea and sentencing hearing, Cowles expressly admitted he perpetrated a sex act on a victim under 12 years of age between April 9, 1996 and February 2, 1997. Cowles also acknowledged he wished to plead guilty after he was advised he would be required to serve at least seventy percent of the maximum sentence for the offense. Although it is true Cowles did not expressly admit during the plea colloquy he committed the offense after July 1, 1996, we find an implicit admission of such conduct in the full context of the hearing.

The record made by the parties on the occasion of the plea-taking and sentencing hearing evidences Cowles admitted guilt for an act of sexual abuse that occurred after July 1, 1996. The mandatory minimum sentence requirement of section 902.12 applied only to acts of sexual abuse committed after that date. As we have already noted, the court informed Cowles an admission of guilt would expose him to a mandatory minimum sentence. With knowledge of that prospect, and after his counsel confirmed on the record he had advised his client of the maximum and minimum penalties that could result, Cowles entered and the court accepted the guilty plea. We conclude the guilty plea and the resulting sentence conformed completely with the parties' plea agreement. This conclusion is supported by the fact Cowles did not

challenge the legality of the sentence until he filed an application for postconviction relief more than two years later on August 4, 2005. Under the circumstances, we conclude no violation of the Ex Post Facto clauses occurred here.

This case must be distinguished from cases in which a general jury verdict of guilt leaves the court with uncertainty as to whether the verdict is based on a valid factual or legal basis, or on an alternative invalid theory submitted to the jury. When such uncertainty arises from a jury verdict, the court will not speculate as to whether the verdict is based on the valid or invalid grounds. *See State v. Pilcher*, 242 N.W.2d 348, 354–56 (Iowa 1976) (noting the court will not speculate whether a guilty verdict is based on a constitutionally repugnant or alternative constitutionally sound ground). In such cases of uncertainty, a conviction cannot stand.

The conviction of Cowles is not similarly vulnerable as the parties and the sentencing court were left with no uncertainty as to the crime for which Cowles was convicted and sentenced. He admitted guilt for a crime that was committed after July 1, 1996 and was sentenced accordingly. The sentencing court's application of section 902.12 did not result in an illegal sentence.

### IV.  Conclusion.

The mandatory minimum sentence was not illegal under the circumstances presented here. The district court therefore erred in "correcting" it. We vacate the decision of the court of appeals, reverse the district court's ruling, and remand for entry of a judgment reinstating the original sentence.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT RULING REVERSED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Baker, J., who takes no part.