# IN THE COURT OF APPEALS OF IOWA

No. 13-0660
Filed April 30, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**TERRY DALE KRAMBECK,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Muscatine County, Marlita A. Greve, Judge.

　　　A defendant appeals from a denial of his motion to correct an illegal sentence. **AFFIRMED.**

　　　Philip B. Mears of Mears Law Office, Iowa City, for appellant.

　　　Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Alan Ostergren, County Attorney, and Korie Shippee, Assistant County Attorney, for appellee.

　　　Considered by Doyle, P.J., Bower, J., and Goodhue, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Terry Krambeck appeals from a denial of his motion to correct an illegal sentence.

## I. Background Facts and Proceedings

On April 9, 2008, Krambeck was accused of the crime of sex abuse third by a trial information stating, "in that the defendant on the ___ day of _____, 2005 in the city of Muscatine did commit the act of sexual abuse in the third degree . . . ." The trial information further stated, "In 2005 Krambeck on multiple occasions did perform sexual acts on the victim, who was then fourteen years of age." There was no other reference in the charging portion of the document that made further specification to the date of the offense.

On July 23, 2008, Krambeck entered a plea of guilty to the charge levied. The trial information to which he pleaded guilty further stated "in 2005 Krambeck on multiple occasions did perform sexual acts" on the victim who was then fourteen years old. The minutes attached to the trial information stated the victim had reported that the last instance of sexual abuse by Krambeck had occurred "during Christmastime in 2005." The minutes also stated the victim was in eighth grade at the time the abuse ended.

In 2005 there was a legislative change, which became effective for offenses that took place after July 1, 2005. *See* 2005 Iowa Acts ch. 158. The legislation provided that a person convicted of a class "C" felony or greater under Iowa Code chapter 709 was to be sentenced in addition to any other sentence to a special sentence, which included commitment to the Iowa Department of Corrections for supervision as if on parole for the rest of the person's life. Iowa

Code § 903B.1 (Supp. 2005). No mention of lifetime probation or the exact date the sexual abuse took place was made in the colloquy when Krambeck entered his plea. He did admit it took place in the year 2005 as stated in the trial information. He also admitted the victim was between fourteen and fifteen when the offense occurred. The presentence investigation reported Krambeck was subject to the "Life special Sentence." The record at sentencing does not reflect any discussion about the ramification of the date of the offense.

The lifetime provision provided by section 903B.1 was specifically included as a part of the sentence announced at the sentencing hearing and was made a part of the official sentencing order. Krambeck did not file a motion in arrest of judgment or object to the inclusion of the lifetime sentence, but on February 26, 2012, he filed the instant motion to correct an illegal sentence as provided by Iowa Rule Criminal Procedure 2.24(5)(a). Krambeck, at the hearing on his motion, introduced into evidence the victim's report card showing she was in eighth grade in 2004 through May 2005. He further asserts the victim's statement that the abuse ended at Christmastime 2005 was an obvious error, since the victim would have been in ninth grade and not eighth grade at Christmastime 2005. He concludes the last abuse must have ended at Christmastime in 2004 and before 903B.1 became effective. He contends the lifetime probation provision in his sentence is being applied ex post facto and is therefore void.

## II. Standard of Review

A claim that an illegal sentence has been entered is reviewed for errors of law. *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003). Krambeck also

contends the sentencing court applied the punishment provided by section 903B.1 to a crime perpetrated before its effective date, and that as such it is a violation of the United States Constitution and the Iowa Constitution's prohibition of an ex post facto law. *See* U.S. Const. art I, § 10; Iowa Const. art I, § 21. If a constitutional issue is involved, the review becomes de novo. *State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

### III. Preservation of Error

If Krambeck's claim is correctly labeled as a motion to correct an illegal sentence, it may be corrected at any time. Iowa R. Crim. P. 2.24(5)(a). The normal error preservation rules do not apply to an illegal or void sentence. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa 1994). However, if this is in reality a challenge to the factual basis of the plea, as the State contends, then a motion in arrest of judgment would generally be considered necessary to preserve error. *State v. Gant*, 597 N.W.2d 501, 503 (Iowa 1999).

### IV. Discussion

How to properly classify this proceeding is pivotal in determining whether error has been preserved, as well as the final disposition of the matter. Krambeck primarily relies on *State v. Lathrop*, 781 N.W.2d 288, 291 (Iowa 2010), in which a jury convicted Lathrop of third-degree sexual assault. The jury had been instructed that to find the defendant guilty they must find, among other things, that "[d]uring the months of June through September 2005, the defendant performed a sex act with [the victim]." *Lathrop*, 781 N.W.2d at 297. The sentencing court imposed the lifetime probation requirement of 903B.1, which became law on July 1, 2005. *Id.* at 291. Given the lack of specificity contained in

the jury verdict as to whether any offense had occurred after July 1, 2005, it was determined the defendant should be given the benefit of the doubt as to when the offense took place. *Id.* at 297. Under that scenario our supreme court determined there was no finding that the offense had taken place after July 1, 2005. *Id.* at 298. Accordingly, the application of lifetime probation was an invalid ex post facto sentence and, as such, an illegal sentence. *Id.*

This is a much different case than *Lathrop*. Krambeck entered a plea of guilty. A plea of guilty "waives all defenses and irregularities except that the information or indictment charges no offense and the right to challenge the plea itself." *State v. McGee*, 211 N.W.2d 267, 268 (Iowa 1973). Krambeck raises some question as to whether he knew about the existence of the new statute providing for lifetime probation. Its existence was noted in the presentence investigation report, and the court orally announced it as a part of the sentence. Krambeck filed no motion in arrest of judgment and raised no objection to its inclusion in the sentence. He might not have known about its existence at the time of the entry of the plea, but he certainly knew about it at the time of sentencing. As the trial court who heard the motion to correct illegal sentence noted, "Defendant and his counsel clearly reviewed the presentence investigation report because defendant offered a rather extensive lists of corrections to the report."

Furthermore, when a collateral attack is made on a plea of guilty because the court sentencing the defendant erred in failing to advise him of all the consequences of his plea, the burden is on the defendant to show not only the omission, but also that the appropriate disclosure would have changed his plea.

*State v. Finney*, 834 N.W.2d 46, 53 (Iowa 2013) (citing *United States v. Timmreck*, 441 U.S., 780 (1979)). Krambeck does not contend that he did not know of the lifetime probation at the time of sentencing or that if he had known of it at the time of the plea, such knowledge would have had any effect on the plea he entered. He fails to claim he was prejudiced by his lack of knowledge of the lifetime probation when he entered the plea. He does not claim his plea was not made voluntarily.

It is appropriate to consider whether a factual basis for imposing lifetime probation existed as a part of the plea before considering the claim that it was an ex post facto application of the statute. The record as a whole, including an inquiry of the defendant and the minutes of evidence, may be considered in determining whether the factual basis for entry of a plea exists. *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). The State contends this matter can be disposed of by looking at the minutes of the trial information and the entry of the plea itself.

The minutes attached to the trial information explicitly state that the last incident of sexual abuse took place around Christmastime 2005 and provide a 1991 birthdate for the victim, making her fourteen at that time. Christmastime in 2005 would have been after the effective date of section 709B.1. Krambeck, in the plea colloquy, admitted the abuse had taken place when the victim was between fourteen and fifteen, and admitted it took place in 2005. Both of those admissions were consistent with the trial information and the plea he entered. The minutes attached to the trial information also stated the abuse ended when the victim was in the eighth grade. At the time the plea was entered, there was

no inconsistency between the victim's grade level and the Christmastime 2005 allegation as the ending of the abuse. The State argues that the existence of the factual basis at the time of the plea is dispositive. Krambeck asserts the factual basis developed at the time of the plea is inaccurate and inconsistent, and contrary to the true facts. Krambeck does not appear to deny that a factual basis existed for his plea of guilty including a basis for lifetime probation when the plea was entered. Nor can he logically do so. His effort is to collaterally attack the plea by contending it was an illegal sentence and therefore void.

Krambeck provided new evidence at the hearing on his motion. He established that the victim graduated from the eighth grade in May 2005. If that were the case, then the last abuse was before July 1, 2005, and inconsistent with the 2005 Christmas date. He then asserts the Christmastime 2005 statement was an error and the last abuse must have ended at Christmastime 2004. A closer look at Krambeck's assumption shows he was far from meeting the burden of proof necessary to collaterally attack his sentence.

It is more realistic and consistent with the record to assume the statement that the abuse ended when the victim was in eighth grade was an error. To assume otherwise would be totally inconsistent with Krambeck's admission of the factual basis for the plea. Based on the victim's birthdate, she would have been only thirteen at Christmastime 2004 instead of fourteen to fifteen, as Krambeck stated at the time of his plea and as is charged in the trial information. Krambeck's claim is essentially a claim that he was sentenced on an enhancement for which no factual basis existed at the time of the plea as proven by subsequent evidence. The purpose of allowing review of an illegal sentence

is to permit correction of such an illegal sentence, rather than re-examination of errors made preceding the imposition of a sentence. *State v. Bruegger*, 773 N.W.2d 862, 871-72 (Iowa 2009). Even if a collateral attack can be made on the factual basis of a guilty plea, Krambeck has failed to establish that the sexual abuse did not continue until Christmastime 2005.

This case is very much like *State v. Cowles*, 757 N.W.2d 614 (Iowa 2008). *Cowles* involves a guilty plea with no express admission by the defendant that the prohibited act had happened after the effective date of a penalty enhancement. 757 N.W.2d at 617. In *Cowles*, based on the court's advice to the defendant as to the penalty that could be imposed, the supreme court found an implicit admission the act had taken place after the effective date of the statute. *Id.* In this case the implicit admission comes primarily from the contents of the trial information to which Krambeck entered his plea of guilty and implicitly and explicitly from his admissions he made at the time of the plea colloquy. A factual basis for the plea of guilty was present at the time of the plea, including the fact that the prohibited act had continued until about Christmas 2005. No motion in arrest of judgment was made; therefore, Krambeck has waived his right to attack the guilty plea proceeding. Iowa R. Crim. P. 2.24(3)(a); *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). He had knowledge of the existence of the lifetime probation from the presentence investigation and the record made at sentencing. Assuming a defendant can attack the factual basis for a plea without having filed a motion in arrest of judgment, absent some unusual circumstance, we conclude Krambeck has failed to establish there was an error in the factual basis upon

which the plea and sentence were entered. The decision of the trial court is affirmed.

**AFFIRMED.**