# IN THE COURT OF APPEALS OF IOWA

No. 13-1868
Filed May 6, 2015

**JOHN EDWARD COWLES,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Davis County, Myron L. Gookin, Judge.


      An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**


      Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Rick L. Lynch, County Attorney, and Ashley M. Leyda, Assistant County Attorney, for appellee State.


      Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ. Tabor, J. takes no part.

**VOGEL, P.J.**

John Cowles was originally charged with twenty counts of second-degree sexual abuse, four counts of third-degree sexual abuse, and one count of incest all arising out of his sexual abuse of his daughter over a number of years. *See State v. Cowles*, 757 N.W.2d 614, 615 (Iowa 2008). He pled guilty to one count of second-degree sexual abuse, four counts of third-degree sexual abuse, and one count of incest. *Id.* The plea agreement called for a joint sentencing recommendation of concurrent sentences for all the counts and a 70% mandatory minimum sentence imposed on the class "B" felony, the second-degree sexual abuse conviction. *Id.* at 616. The court accepted the plea agreement and the joint sentencing recommendation, and sentenced Cowles accordingly. *Id.*

Cowles did not file a direct appeal, but instead, on July 7, 2006, he filed a motion to correct an illegal sentence asserting the imposition of the mandatory minimum violated the constitutional prohibitions against ex post facto laws. *Id.* He stated the mandatory-minimum-sentence statute went into effect on July 1, 1996, but he was alleged to have committed the offense sometime between April 9, 1996, and February 3, 1997. Because the plea colloquy did not establish he committed the crime after July 1, 1996, he claimed the imposition of the mandatory minimum sentence was illegal. *Id.*

The supreme court rejected Cowles's claim, finding:

> Under the circumstances presented in this case, we conclude the mandatory minimum sentence did not violate the Ex Post Facto clauses. At his plea and sentencing hearing, Cowles expressly admitted he perpetrated a sex act on a victim under twelve years of age between April 9, 1996 and February 2, 1997.

Cowles also acknowledged he wished to plead guilty after he was advised he would be required to serve at least seventy percent of the maximum sentence for the offense. Although it is true Cowles did not expressly admit during the plea colloquy he committed the offense after July 1, 1996, we find an implicit admission of such conduct in the full context of the hearing.

The record made by the parties on the occasion of the plea-taking and sentencing hearing evidences Cowles admitted guilt for an act of sexual abuse that occurred after July 1, 1996. The mandatory minimum sentence requirement of section 902.12 applied only to acts of sexual abuse committed after that date. As we have already noted, the court informed Cowles an admission of guilt would expose him to a mandatory minimum sentence. With knowledge of that prospect, and after his counsel confirmed on the record he had advised his client of the maximum and minimum penalties that could result, Cowles entered and the court accepted the guilty plea. We conclude the guilty plea and the resulting sentence conformed completely with the parties' plea agreement. This conclusion is supported by the fact Cowles did not challenge the legality of the sentence until he filed an application for postconviction relief more than two years later on August 4, 2005. Under the circumstances, we conclude no violation of the Ex Post Facto clauses occurred here.

*Id.* at 617.

Cowles filed an application for postconviction relief (PCR), as amended, making a number of claims all challenging the imposition of the mandatory minimum sentence.[1] The district court rejected the challenges, finding

Although the Plaintiff has raised numerous issues in his application, amendments thereto, and numerous other filings, his complaints boil down to a rather narrow issue that can be readily resolved. All of Plaintiffs issues boil down to a determination of whether the twenty-five year sentence on his class B felony 2nd degree sexual abuse conviction is subject to a 70% mandatory minimum.

Plaintiff claims he is not subject to the 70% mandatory minimum and, because he was advised by his counsel and the court that he was subject to such a mandatory minimum, such inaccurate advice infected his plea and sentencing hearing such that he did not make a knowing and voluntary guilty plea, his

---

[1]Multiple PCR filings were made part of this record, beginning in August 2005 and continuing through July 2013.

attorneys were ineffective, there was a lack of factual basis in support of his guilty plea, he was denied full allocution at sentencing, he did not make a fully informed, knowledgeable and voluntary decision to waive use of a presentence investigation at sentencing, the court failed to recite an adequate reason for the sentence, and his attorney in a subsequent appeal on a motion for reconsideration of sentence was ineffective because he failed to respond to a "terrible, terrible prejudicial inaccuracy in a brief made by the state." All of Plaintiff's claims in his postconviction relief application depend on his assertion that he is not subject to the 70% mandatory minimum on his 2nd degree sexual abuse conviction.

. . . .

This Court reaches the same conclusion [as the supreme court] concerning Plaintiff's guilty plea. Plaintiff knew exactly what he was doing when he accepted a plea bargain that required him to plead guilty to one out of twenty charges of 2nd degree sexual abuse and receive a 70% mandatory minimum sentence thereon, together with other charges of 3rd degree sexual abuse and incest, with concurrent sentences. Any claim on his part that he did not know what he was doing at his guilty plea, or that he would not have accepted the plea bargain if he knew convictions to pre-July 1, 1996 acts did not carry a mandatory minimum sentence, are simply not credible for the following reasons.

The record reveals Plaintiff did not want to drag his family through a trial and never intended to take any of the charges to trial. It further reveals the Davis County attorney would not agree to any kind of a plea bargain that did not require a 70% mandatory minimum sentence under a 2nd degree sexual abuse guilty plea. It is incomprehensible and unbelievable that Plaintiff would have rejected the plea bargain he accepted, and instead take twenty charges of 2nd degree sexual abuse to trial, together with the other 3rd degree sexual abuse and incest charges, if he would have known about the July 1, 1996 mandatory minimum law change. Even if all of the 2nd degree sexual abuse charges were based on pre-July 1, 1996 acts, the potential sentence for convictions on all such charges would be 500 years, if ordered to run consecutively. And, such 500 years of potential incarceration does not include the 45 additional years of incarceration that could be imposed for possible convictions on the other four Class C (3rd degree sexual abuse) and one Class D (incest) felonies.

Plaintiff's claims are directly contradicted by his interaction with the court at his guilty plea hearing and sentencing. *See Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995) (holding where such direct contradiction occurs the applicant bears a special burden to establish that the record is inaccurate). The transcript of his guilty plea and sentencing hearing clearly establishes he fully understood

the plea bargain, including the nature of the crimes to which he was pleading and the 70% mandatory minimum sentence to which he would be subjected on the 2nd degree sexual abuse conviction, and that he understood what he was doing throughout the proceedings. Plaintiff has failed in his special burden of proof and the Court finds he was acting intelligently and voluntary at his guilty plea hearing and completely understood his plea agreement and the potential consequences. Consistent with the Iowa Supreme Court's analysis, this Court finds Plaintiff knowingly, intelligently and voluntarily pled guilty to an act constituting 2nd degree sexual abuse that occurred on or after July 1, 1996, which provided a proper basis for the 70% mandatory minimum sentence imposed against him.

With a determination that Plaintiff made a knowing and intelligent guilty plea and that he was subject to the 70% mandatory minimum sentence on his 2nd degree sexual abuse conviction, all other postconviction claims by Plaintiff must fail and the Court will not further address such claims.

Cowles appeals the district court's PCR ruling claiming (1) the district court erred in concluding his guilty plea counsel was not ineffective in failing to inform him of the crucial law change regarding the imposition of a mandatory minimum sentence for crimes committed after July 1, 1996, making his plea involuntary, unknowing, and unintelligent, and (2) PCR counsel was ineffective in failing to get a ruling on the meritorious pro se issues, specifically (a) that his guilty plea lacked a factual basis, (b) that the plea court erred in assuming it had no discretion regarding the imposition of the 70% mandatory minimum, and (c) that the prosecutor committed misconduct by not informing the court and Cowles of the law change regarding the mandatory minimum. In addition, Cowles filed a pro se brief in this PCR appeal alleging PCR counsel was ineffective in not seeking a ruling from the district court addressing his claim that his allocution was not fully informed and knowledgeable where he did not know he could ask

for a sentence without the 70% mandatory minimum—a better sentence than he bargained for under the plea agreement.

We agree with the district court that all of Cowles's claims boil down to his claim that the 70% mandatory minimum should not be applied to him because he did not plead guilty to an offense occurring after July 1, 1996. This claim was resolved by the supreme court when it found an "implicit admission" to such conduct as a result of pleading guilty to the offense with full knowledge the 70% minimum would be applied to him under the parties' plea agreement. *Cowles*, 757 N.W.2d at 617. Because the supreme court found this implicit admission, the guilty plea was supported by a factual basis, the district court did not have discretion to forgo imposing the *mandatory* minimum, and the prosecutor did not commit misconduct in not informing Cowles or the court to the contrary. Thus, to the extent Cowles asserts PCR counsel was ineffective in not getting an explicit ruling from the PCR court on these pro se claims, his claim fails. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[W]e have held that counsel has no duty to raise an issue that has no merit.").

Cowles's pro se claim addressing his allocution likewise fails. Cowles could not have asked for a sentence without the mandatory minimum as the guilty plea included an implicit admission to committing the offense after July 1, 1996, the plea agreement called for a joint sentencing recommendation with the mandatory minimum, which would make it a breach of the plea agreement if Cowles requested a lighter sentence, and the district court had to impose the minimum as it was mandatory. Likewise, Cowles's plea counsel was not ineffective in failing to inform him of the law change where the prosecutor made

clear there would be no plea bargain without the mandatory minimum on the second-degree sexual abuse guilty plea.

We agree with the district court's rejection of Cowles's PCR claims and affirm its decision under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**