## IN THE COURT OF APPEALS OF IOWA

No. 15-0551
Filed May 11, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**PAUL KYLE QUIGLEY,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Thomas G. Reidel, Judge.

Paul Quigley appeals the district court's order following his resentencing. **AFFIRMED.**

Mark J. Neary of Neary Law Office, Muscatine, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Paul Quigley appeals the district court's resentencing order following an order adjudicating law points. He claims the court erred in determining he was an adult when he committed one of the three counts of sexual abuse of which he was convicted and thus sentencing Quigley to a mandatory minimum punishment on that one count.[1] We review for corrections of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006) (holding a challenge to the legality of a sentence is reviewed for correction of legal error).

Quigley asserts the record did not establish that he had reached the age of majority—which occurred in March 2001—when he committed the last incidence of sexual abuse.[2] However, the victim testified he was last abused the "summer between fourth and fifth" grade. He was staying with his grandparents, sharing a room with Quigley. The victim testified that when this last incident of abuse occurred, he became scared and ran into his grandparents' room. His grandmother remembered the victim waking up the grandfather and saying he was scared. She testified this occurred during a family reunion at the end of July 2001. The grandfather confirmed this date.

---

[1] Quigley was convicted by a jury in 2002 of three counts of second-degree sexual abuse. In 2003, our court affirmed his convictions and sentences. *State v. Quigley*, No. 02-545, 2003 WL 21072974, at *1 (Iowa Ct. App. May 14, 2003). In 2014, on review of an adverse postconviction relief ruling challenging his mandatory minimum sentence, we vacated his sentence and remanded for the district court to resentence pursuant to the standards set forth under *State v Lyle*, 854 N.W.2d 378 (Iowa 2014). *Quigley v. State*, No. 12-1121, 2014 WL 4243262, at *1 (Iowa Ct. App. Aug. 27, 2014). We noted, "[T]he district court may need to differentiate between offenses Quigley committed as a juvenile and those he committed as an adult." *Id*.

[2] Quigley also asserts he has a Sixth Amendment right to have a jury determine the applicability of "any fact that increases" a penalty. Here, the district court found a fact—Quigley's age—that did not *decrease* the penalty. Because we agree that fact was found in the record, we need not address his constitutional claim.

Given this testimony, the record supports the district court's finding that the last incident of sexual abuse occurred in late July 2001. Quigley turned eighteen in March 2001, before this last incident. *See State v. Cowles*, 757 N.W.2d 614, 615 (Iowa 2008) (finding an "implicit admission" of when the defendant abused his daughter). Therefore, we conclude the district court did not err in finding Quigley was an adult for purposes of sentencing him on one count of second-degree sexual abuse.

We affirm the district court's resentencing order pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**