# IN THE COURT OF APPEALS OF IOWA

No. 15-1763
Filed October 26, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ROGER JAMES CHESHIRE,**
          Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Roger Cheshire appeals his convictions and special sentence following his guilty pleas to the offenses of lascivious conduct with a minor and indecent exposure. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Roger Cheshire appeals his convictions and special sentence following his guilty pleas to the offenses of lascivious conduct with a minor and indecent exposure. He contends the special sentence imposed by the district court was illegal and his trial counsel was ineffective in failing to file a motion in arrest of judgment because his guilty plea to the offense of lascivious conduct with a minor lacked a factual basis. Having determined Cheshire's special sentence is not illegal and a factual basis existed for his plea, we affirm.

Cheshire was charged with three counts: (1) sexual abuse in the second degree, a class "B" felony; (2) assault with intent to commit sexual abuse, an aggravated misdemeanor; and (3) indecent contact with a child, an aggravated misdemeanor. The charges stemmed from allegations Cheshire sexually abused, assaulted, and inappropriately touched a child during the period of January 1, 2003, to December 31, 2005. In a negotiated plea agreement, Cheshire agreed to plead guilty to one count of lascivious conduct with a minor and one count of indecent exposure, in violation of Iowa Code sections 709.14 and .9 (2015),[1] both serious misdemeanors. The district court accepted Cheshire's pleas and sentenced him to one-year imprisonment on each count to run consecutive to each other, for a total period not to exceed two years. These sentences of incarceration were suspended, and Cheshire was placed on probation. Among other things, the court also imposed a ten-year special

---

[1] These code sections have not been amended since Cheshire's 2003-2005 criminal acts.

sentence of supervision under Iowa Code section 903B.2, which provides that a person convicted of a serious-misdemeanor offense under chapter 709

> shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years . . . commenc[ing] upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release.

Cheshire first contends the special sentence imposed by the district court was illegal. Specifically, he argues the section 903B.2 special sentence was imposed based upon his convictions for conduct that occurred before the statute's effective date of July 1, 2005, and therefore violated the constitutional prohibition against ex post facto laws, which "forbid[s] enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed." *State v. Pickens*, 558 N.W.2d 396, 397 (Iowa 1997). He asserts the alleged violation rendered his special sentence illegal.

A challenge to an illegal sentence may be raised at any time. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). We review illegal sentences for correction of errors at law. *See* Iowa R. App. P. 6.907. However, claims involving an alleged violation of the constitution protection against ex post facto laws are reviewed de novo. *See State v. Cowles*, 757 N.W.2d 614, 616 (Iowa 2008).

Iowa Code section 903B.2 became effective July 1, 2005. *See* 2005 Iowa Acts ch. 158, § 40. The amended trial information alleges Cheshire committed

the lascivious conduct with a minor and indecent-exposure acts between January 1, 2003, and December 31, 2005. In his written guilty plea, Cheshire states: "In order to establish a factual basis, I ask the court to accept as true the minutes of testimony, the date of the offense was: Nov. 1, 2003-Dec. 1, 2005," and that the acts occurred "from November 1, 2003 to December 1, 2005." Furthermore, his written plea states:

> **I understand my plea to a sex crime will have additional consequences as follows:**
>
> . . . .
>
> Unless I am granted a deferred judgment, I will be subject to a special sentence of ten (10) years beginning after I complete my probation, prison or jail sentence. During this special sentence, I will be subject to the rules and supervision of the Department of Correctional Services (DCS) as if on parole and could be incarcerated for violation of DCS rules. [*See* Iowa Code] § 903A.2.

Cheshire argues *State v. Lathrop* controls. There, a jury convicted Lathrop of third-degree sexual assault. *See Lathrop*, 781 N.W.2d at 291. The jury had been instructed that to find Lathrop guilty they must find, among other things, that, "[d]uring the months of June through September 2005, [Lathrop] performed a sex act with [the victim]." *Id.* at 297. The sentencing court imposed the lifetime probation requirement of 903B.1, which became law on July 1, 2005. *See id.* at 291. Given the lack of specificity contained in the jury verdict as to whether any offense had occurred after July 1, 2005, the court determined Lathrop should be given the benefit of the doubt as to when his offense took place. *See id.* at 297. Under that scenario, our supreme court determined there was no finding that the offense had taken place after July 1, 2005. *See id.* at 298. Accordingly, the application of lifetime probation was an invalid ex post facto sentence and, as such, an illegal sentence. *See id.*

However, we believe *State v. Cowles* is dispositive. In that case, Cowles expressly admitted to perpetrating a sex act on a victim between April 9, 1996 and February 2, 1997. *See Cowles*, 757 N.W.2d at 617. He acknowledged he wished to plead guilty after he was advised he would be required to serve a mandatory minimum sentence. *See id.* The statute in question, imposing a mandatory minimum sentence, became effective on July 1, 1996. *See id.* at 616. Although Cowles did not expressly admit during the plea colloquy that he committed the offense after July 1, 1996, our supreme court found an implicit admission of such conduct in the full context of the plea hearing. *See id.* at 617. The *Cowles* court rejected Cowles's ex post facto claim, concluding he admitted guilt for a crime that was committed after July 1, 1996, and was sentenced accordingly. *See id.* at 618. The court held that the sentencing court's application of the statute's mandatory minimum sentence did not result in an illegal sentence. *See id.*

This case is very much like *Cowles* and different than *Lathrop*. *See also State v. Krambeck*, No. 13-0660, 2014 WL 1714465, at *4 (Iowa Ct. App. April 30, 2014) (rejecting defendant's ex post facto argument after finding defendant's admissions the act had taken place after the effective date of the statute came implicitly from the trial information, and implicitly and explicitly from admissions he made at the plea colloquy). Here, like in *Cowles*, Cheshire entered a plea of guilty. In regard to the ex post facto issue, our supreme court has made clear the distinction between the uncertainty of a general jury verdict and a guilty plea where the defendant implicitly admits commission of a crime after the effective date of a sentencing statute. *See Lathrop*, 781 N.W.2d at 297-98; *Cowles*, 757

N.W.2d at 617. Cheshire's reliance on *Lathrop* is therefore misplaced. For these reasons, we conclude the imposition of the ten-year special sentence of supervision under Iowa Code section 903B.2 was not illegal under the circumstances presented here. We now turn to Cheshire's ineffective-assistance-of-counsel argument.

Cheshire asserts his trial counsel was ineffective in failing to file a motion in arrest of judgment because his guilty plea to the offense of lascivious conduct with a minor lacked a factual basis. Specifically, he contends that the facts in the record do not establish that (1) he forced, persuaded, or coerced the victim to disrobe or partially disrobe and (2) he was in a position of authority over the victim. "Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015). The record here is sufficient to reach Cheshire's claim challenging his counsel's performance.

To succeed on an ineffective-assistance-of-counsel claim, Cheshire must prove both that (1) his counsel failed to perform an essential duty, and (2) he suffered prejudice as a result of his counsel's failure. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Our review is de novo. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

Before accepting a guilty plea, the district court must first determine the plea has a factual basis, and that factual basis must be disclosed in the record. *See State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013); *see also* Iowa R. Crim. P. 2.8(2)(b). "Where a factual basis for a charge does not exist, and trial counsel

allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). "Prejudice is inherent in such a case."[2] *Id.* Accordingly, with regard to this claim, our first and only inquiry is whether the record shows a factual basis for Cheshire's plea to the charge of lascivious conduct with a minor. *See id.* In determining whether a factual basis exists, "we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report."[3] *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Here, we look to the minutes of testimony and Cheshire's written plea.

The crime of lascivious conduct with a minor is committed when a person over eighteen in a "position of authority" over a minor acts "to force, persuade, or coerce a minor, with or without consent, to disrobe or partially disrobe for the purpose of arousing or satisfying the sexual desires of either of them." Iowa Code § 709.14. Cheshire contends "the record is devoid of any evidence to establish that (1) he forced, persuaded, or coerced [the victim] to disrobe or partially disrobe and (2) he was in a position of authority over [the victim]." In his written guilty plea, Cheshire specifically admitted: "I was over 18 years old and in a position of authority over [the victim], a minor under the age of 12, and I persuaded [the victim] to move her clothes so that I could touch her genital area.

---

[2] In other words, when trial counsel permits a defendant to plead guilty and waive the right to file a motion in arrest of judgment absent a factual basis to support the guilty plea, counsel violates an essential duty and prejudice is presumed. *See State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011).

[3] This assumes the presentence investigation report (PSI) was available at the time of the guilty plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 802 (Iowa 1990). No PSI was available here.

I did this for purposes of satisfying my sexual desires." As an admission by the defendant, we find this to be sufficient to establish the requisite basis for the crime of lascivious conduct with a minor. *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) ("The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element."). Because a factual basis supports his plea, Cheshire's attorney was not ineffective in allowing him to enter a guilty plea to the charge of lascivious conduct with a minor, and we therefore affirm Cheshire's conviction and sentence on that charge.

Having determined Cheshire's sentence is not illegal and that a factual basis existed for his plea, we affirm his convictions and special sentence.

**AFFIRMED.**