# IN THE COURT OF APPEALS OF IOWA

No. 16-2030
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD WAYNE BIRKLAND,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wayne County, Patrick W.
Greenwood, Judge.


        Richard Birkland appeals his special sentence of lifetime parole imposed
from a guilty plea to second degree sexual abuse.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,
Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Richard Birkland pled guilty to two counts of second-degree sexual abuse. With respect to one of the counts, he admitted to committing the act "on or about or sometime between December 15, 2002, and December 15, 2006." The district court informed him "under Iowa Code section 903B.1 [(2015)] . . . [he] would be required to be on probation under the Department of Corrections for the rest of [his] life." The court imposed sentence, including the special sentence of lifetime parole.

On appeal, Birkland contends the special sentence was imposed retroactively and in violation of "constitutional prohibitions on ex post facto laws." *See* U.S. Const. art. I, § 9, cl. 3; Iowa Const. art. 1, § 21. This "is a claim that the sentence is inherently illegal." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). Accordingly, the "claim may be urged on appeal notwithstanding trial counsel's failure to object to imposition of the sentence." *Id.*

"The ex post facto clauses of the federal and state constitutions forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed." *State v. Pickens*, 558 N.W.2d 396, 397 (Iowa 1997). In *Lathrop*, the Iowa Supreme Court held "the imposition of lifetime parole was intended by the legislature to be additional punishment for certain sex offenders" and, accordingly, the special sentence was "subject to the restrictions imposed by the [Iowa] constitutional prohibition against ex post facto laws." 781 N.W.2d at 297. Because there was "no way to determine whether the jury based its verdict on conduct that occurred before or after the effective date of the law

imposing a sentence of lifetime parole," the court presumed the verdict rested on conduct predating the statute and concluded the statute was applied retroactively. *Id.* at 298.

Birkland argues *Lathrop* is controlling. In his view, "[t]he acts for which [he] was convicted were alleged to [have] occurred within a timeframe that included two and a half years before Section 903B.[1]'s effective date." *See* 2005 Iowa Acts ch. 158, § 39; *see also* Iowa Code § 3.7 (2005). That is true, but the time frame in which Birkland agreed the acts occurred also included a period after the July 1, 2005 effective date of the statute.

The Iowa Supreme Court addressed this precise scenario in *State v. Cowles*, where, as here, the defendant "expressly admitted he perpetrated a sex act on a victim under twelve years of age between" dates falling before and after the effective date of a statute. 757 N.W.2d 614, 617 (Iowa 2008). The court determined that, even though the defendant did not expressly admit to committing the offense after the statute's effective date, he implicitly did so. *Id.* The court upheld the sentence after noting that, in contrast to the uncertainty associated with a general jury verdict, "the parties and the sentencing court were left with no uncertainty as to the crime for which Cowles was convicted and sentenced." *Id.* at 617-18.

*Cowles*, rather than *Lathrop*, is controlling. *Cf. State v. Cheshire*, No. 15-1763, 2016 WL 6396341, at *3 (Iowa Ct. App. Oct. 26, 2016) (concluding imposition of a special ten-year sentence was not illegal where the defendant, in a written guilty plea, agreed to committing acts before and after the effective date of the statute); *State v. Krambeck*, No. 13-0660, 2014 WL 1714465, at *2-4 (Iowa

Ct. App. Apr. 30, 2014) (concluding a factual basis existed for defendant's guilty plea, including for lifetime probation."). We affirm Birkland's sentence.

**AFFIRMED.**