STATE of Iowa, Appellee,

v.

**Randall Wayne PICKENS, Appellant.**

No. 96–66.

Supreme Court of Iowa.

Jan. 22, 1997.

Patrick Wegman and Alfredo Parrish of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor and Virginia Barchman, Assistant At-

torneys General, and Rick Lynch, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and TERNUS, JJ.

LARSON, Justice.

Randall Wayne Pickens was sentenced on December 5, 1995, for a sexual assault committed on July 20, 1994. The original sentencing order was silent as to the application of the sex offender registry law, Iowa Code ch. 692A (West Supp.1996), which became effective after the crime was committed but before Pickens was sentenced. Pickens requested a clarification of the sentencing order regarding his obligation to register and claimed that a retroactive application of the statute would violate the ex post facto provisions of the United States and Iowa Constitutions. The district court rejected these arguments, and we affirm.

Pickens was convicted of assault against a minor with the intent to commit sexual abuse, a crime that requires registration as a sex offender under the statute. *See* Iowa Code § 692A.2(1).

Persons required to register.

1. A person who has been convicted of either a criminal offense against a minor, sexual exploitation, or a sexually violent offense shall register as provided in this chapter for a period of ten years commencing from the date of placement on probation, parole, work release, or other release from custody. A person is not required to register while incarcerated. A person who is convicted, as defined in section 692A.1, of either a criminal offense against a minor or a sexually violent offense as a result of adjudication of delinquency in juvenile court shall not be required to register as required in this chapter if the juvenile court finds that the person should not be required to register under this chapter. If a person is placed on probation, parole, or work release and the probation, parole or work release is revoked, the ten years

shall commence anew upon release from custody.

*Id.*

◼ The ex post facto clauses of the federal and state constitutions forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed. *See Weaver v. Graham,* 450 U.S. 24, 28–29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 22 (1981). The question is whether the required registration for sex offenders increases the quantum of punishment for their offenses. Pickens argues that it does; the State argues that the registration requirement is aimed at public protection, not punishment of the defendant, and any adverse effects through the dissemination of the information are merely incidental consequences of the conviction.

**I.** *The Registration Statute.*

The process for registration is found in section 692A.3:

1. A person required to register under this chapter shall register with the sheriff of the county of the person's residence within ten days of establishment of residency in this state or within ten days of any conviction for which the person is not incarcerated, a release from custody, or placement on probation, parole, or work release.

2. A person required to register under this chapter shall, within ten days of changing residence within a county in this state, notify the sheriff of the county in which the person is registered of the change of address and any changes in the person's telephone number in writing on a form provided by the sheriff. The sheriff shall send a copy of the change of address to the department within three working days of receipt of notice of the address change.

3. A person required to register under this chapter shall register with the sheriff of a county in which residence has been newly established and notify the sheriff of the county in which the person was registered, within ten days of changing residence to a location outside the county in

which the person was registered. Registration shall be in writing on a form provided by the sheriff and shall include the person's change of address and any changes to the person's telephone number. The sheriff shall send a copy of the change of address to the department within three working days of receipt of notice of the address change.

4. A person required to register under this chapter shall notify the sheriff of the county in which the person is registered, within ten days of changing residence to a location outside this state, of the new residence address and any changes in telephone number and shall register in the other state within the ten days, if persons are required to register under the laws of the other state. The sheriff shall send a copy of the change of address to the department within three working days of receipt of notice of the address change.

5. The collection of information by a court or releasing agency under section 692A.5 shall serve as the person's initial registration for purposes of this section. The court or releasing agency shall forward a copy of the registration to the department within three working days of completion of registration.

Chapter 692A has two facets: the offender's registration and the dissemination of the information contained in the registry. Pickens does not complain about the registration requirements; in fact, he concedes that registration itself is not burdensome or punitive. He argues, however, that the provisions that allow officials' dissemination of that information makes the statute punitive and thus ex post facto. He quotes this from a federal case under a New Jersey sex offender registration statute:

[I]n view of the particular public approbation historically associated with sex offenders and the contemporary almost uniform view that such offenses are loathsome, the Court must find that at least the public dissemination element of [the registration statute] would, in its application, be a measure historically perceived as punitive.

*Artway v. Attorney Gen.*, 876 F.Supp. 666, 689 (D.N.J.1995).

While the holding of *Artway* was later vacated by the federal circuit court of appeals on ripeness grounds, 81 F.3d 1235, 1271 (3d Cir.), *reh'g denied*, 83 F.3d 594, 595 (1996), this observation by the district court in *Artway* cannot seriously be disputed. Dissemination of a sex offense record, particularly one involving children, would be an unpleasant consequence of the offense. Nevertheless, as the Supreme Court has stated,

[t]he mark of an ex post facto law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct, is whether the legislative aim was to punish that individual for past activity, or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation. . . .

*De Veau v. Braisted*, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155, 4 L.Ed.2d 1109, 1120 (1960).

■ The State argues that the legislative purpose behind chapter 692A was not punitive but to promote public safety, and there is considerable support for this view. *See, e.g.,* Licia A. Esposito, *State Statutes or Ordinances Requiring Persons Previously Convicted of Crime to Register with Authorities,* 36 A.L.R.5th 161, 173 (1996). Unfortunately, we are not aided by an express legislative statement as to the underlying intent of the Iowa Legislature in enacting chapter 692A. The State, however, is aided by the principle that statutes are presumed to be constitutional, and a challenger has the burden to negate every reasonable basis upon which the statute may be sustained. *State v. Fagen,* 323 N.W.2d 242, 243 (Iowa 1982).

### *Application of the* Mendoza–Martinez *Test*

In the absence of clear legislative intent, most courts have looked to the factors identified by the Supreme Court in *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). These factors are:

■ Whether the sanction involves an affirmative disability or restraint, [2] wheth-

er it has historically been regarded as a punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment—retribution or deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.

*Id.* at 168–69, 83 S.Ct. at 567–68, 9 L.Ed.2d at 661.

■ The State concedes that the third and fifth factors are present, and the defendant does not argue the seventh factor—that the statute appears excessive in relation to the alternative purposes assigned. We therefore limit our discussion to the first, second, fourth, and sixth factors of the *Mendoza–Martinez* test.

A. *Registration as affirmative disability or restraint.* Pickens' argument is that through dissemination of the information provided in the registry, he will be so stigmatized as to effectively be punished. He complains most strongly about the provisions in the act that allow a sheriff's disclosure of the information to the public. The State responds that the disclosure of information is closely circumscribed by the statute and that it may be disseminated to the public only under certain limited conditions.

Chapter 692A does not permit unrestricted dissemination of registry information. Under Iowa Code section 692A.13, all information in the registry is a confidential record under Iowa Code section 22.7(9) and may be disseminated only under certain conditions. Sections 692A.13(1) and (2), respectively, allow disclosures only to criminal justice agencies and government agencies conducting confidential background investigations. Section 692A.13(4) allows disclosure for purposes of information analysis, but it does not allow identification of the registered offender.

Subsection 5 allows release of information as criminal history and intelligence data under chapter 692 or for use by criminal justice agencies "as an index for purposes of locating a relevant conviction record." This subsection does not allow a generalized dissemination of information.

In determining whether the release of registration information involves an affirmative disability or restraint, it is significant that the registry provides information that is already a matter of public record, and dissemination of registration information does not place new information into the public domain. *See State v. Noble,* 171 Ariz. 171, 829 P.2d 1217, 1223 (1992) ("[M]uch of the information that convicted sex offenders must provide ... is available ... independent of the registration statute."); *State v. Manning,* 532 N.W.2d 244, 248 (Minn.App.1995) ("An offender's conviction is a matter of public record regardless of the registration."); *State v. Ward,* 123 Wash.2d 488, 869 P.2d 1062, 1069 (1994) (because criminal history information is otherwise available, procedure for registration does not impose additional burden).

Pickens' argument that disclosure of registration information is punitive appears to concentrate on subsections 3 and 6 of section 692A.13. Under subsection 3, the department of public safety or a criminal justice agency "with case-specific authorization from the department" may release information if it is necessary to protect the public concerning a specific offender who is required to register. Under subsection 6, a sheriff may release information to the general public if the person making the request gives that person's name and address in writing, states the reason for requesting the information, and provides the sheriff with the name and address of the person about whom the information is sought. The sheriff is to maintain a record of persons requesting information from the registry.

Despite the statute's provisions for dissemination of registry information, we conclude, as have several other courts, that the registration statute does not allow such a widespread dissemination of information that the statute imposes an affirmative disability or restraint under the *Mendoza–Martinez* analysis. *See Noble,* 829 P.2d at 1222; *Manning,* 532 N.W.2d at 248; *Ward,* 869 P.2d at 1069.

B. *Historical treatment of registration.* Under the second *Mendoza–Martinez* test, the court should consider whether a procedure has historically been regarded as pun-

**400**

ishment. The United States Supreme Court has noted that registration is not considered to be punishment. *See Lambert v. California,* 355 U.S. 225, 229, 78 S.Ct. 240, 243, 2 L.Ed.2d 228, 231–32 (1957) (felony registration is allowable law enforcement procedure). Cases from other jurisdictions have rejected the argument that sex offender registration has historically been considered to be punishment. *See Manning,* 532 N.W.2d at 248; *Ward,* 869 P.2d at 1072–73. We agree.

C. *Whether the registration law promotes traditional punishment goals of deterrence and retribution.* Under this test, the argument that the registration law promotes traditional goals of punishment and deterrence has been rejected by other courts on the ground that the primary purpose of a sex offender registry is not to punish but to aid the efforts of law enforcement officers in protecting society. We believe that our statute may be fairly characterized as remedial and not as a statute for deterrence or retribution purposes, even though disseminations are "unpleasant consequences of the offense." *See De Veau,* 363 U.S. at 160, 80 S.Ct. at 1155, 4 L.Ed.2d at 1120. *Cf. Montana Dep't of Revenue v. Kurth Ranch,* 511 U.S. 767, 779, 114 S.Ct. 1937, 1946, 128 L.Ed.2d 767, 779 (1994) (even "obvious deterrent purpose" does not necessarily make law punitive for double jeopardy purposes).

D. *The alternative purpose.* Under this prong of the *Mendoza–Martinez* test, a court should inquire whether there is an alternative purpose to which the statute may rationally be connected. As already noted, we believe that the statute was motivated by concern for public safety, not to increase the punishment. This has been the view of other courts considering the issue. *See, e.g., Noble,* 829 P.2d at 1223–24; *Manning,* 532 N.W.2d at 248; *Ward,* 869 P.2d at 1073.

We conclude that Iowa's sex offender registration statute, Iowa Code chapter 692A, is not punitive and therefore is not ex post facto. We thus affirm the ruling of the district court.

**AFFIRMED.**