# IN THE COURT OF APPEALS OF IOWA

No. 13-1284
Filed November 13, 2014

**DUANE YATES,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane E. Hoffmeyer, Judge.

Duane Yates appeals the district court's denial of his second postconviction-relief application. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Duane Yates, Anamosa, appellant pro se.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick Jennings, County Attorney, and Terry Ganzel, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Duane Yates was convicted of third-degree sex abuse in 1992. He filed a postconviction-relief application twenty-one years later alleging the sex-offender registry requirements contained in Iowa Code chapter 692A violated the ex post facto provisions of the United States and Iowa constitutions and the sentence entered following his plea was illegal. Apparently cognizant of the lengthy time lapse between his conviction and his postconviction relief application, he further alleged, "This postconviction attacks an illegal sentence" and "an illegal sentence can be corrected at any time." *See* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."); *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) ("[A] claim that a sentence is illegal may be raised at any time under Iowa Rule of Criminal Procedure 2.24(5)(a).").

The State moved for summary judgment on the ground the application was barred by a three-year statute of limitations. *See* Iowa Code § 822.3 (2013). The district court granted the motion.

On appeal, Yates concedes he cannot circumvent the three-year time limit by arguing the sentence was illegal under the ex post facto clauses, because a 1997 Iowa Supreme Court opinion forecloses the argument. *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997) (holding "Iowa Code chapter 692A [] is not punitive and therefore is not ex post facto"). He instead asks us to "revisit" the opinion. This is not our prerogative. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.").

Yates's remaining arguments, including his ineffective-assistance-of-trial-counsel claims,[1] were not raised or decided in the district court and, accordingly, were not preserved for our review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before [this court] will decide them on appeal."); *see also DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) ("[W]e will not consider a substantive or procedural issue for the first time on appeal.").

We affirm the district court's grant of summary judgment on Yates's second postconviction-relief application.

**AFFIRMED.**

---

[1] Yates does not argue postconviction trial counsel was ineffective in failing to raise these claims.