**IN THE COURT OF APPEALS OF IOWA**

No. 14-0475
Filed June 10, 2015

**SEAN EDWARD KRIER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Louisa County, Michael J. Schilling,

Judge.


        Sean Krier appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**


        William R. Monroe, of Law Office of William Monroe, Burlington, for

appellant.

        Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney

General, Adam Parsons, County Attorney, and David Matthews, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Sean Krier appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel was ineffective. In 2008, Krier was charged with third-degree sexual abuse. Krier pleaded guilty. The district court sentenced Krier to a term of no more than ten years in the custody of the department of corrections. The court ordered the sentence suspended and placed Krier on probation for at least two years and no more than five years. Krier appealed this sentence, and we rejected Krier's claims on appeal.[1] In 2010, Krier filed an application for PCR, which he amended in 2012. The district court denied Krier's application, and he now appeals.

On appeal, Krier claims his trial counsel was ineffective for failing to advise him that his guilty plea would subject him to a mandatory minimum of five years of electronic monitoring (pursuant to Iowa Code section 692A.124 (2007)) and for failing to object to the prosecutor's alleged breach of the plea agreement.

In its well-reasoned and thorough opinion, the district court denied Krier's application. We agree with the district court that our prior case law and federal case law establish Chapter 692A is remedial and not punitive. *See Doe v. Bredsen*, 507 F.3d 998, 1000 (6th Cir. 2007) (finding Tennessee sex offender registration and monitoring statute requiring convicted sex offenders to wear an electronic tracking device did not constitute punishment and was merely a civil regulatory scheme); *see also State v. Seering*, 701 N.W.2d 655, 667 (Iowa 2005) (finding the residency restriction in Chapter 692A was not punitive in nature);

---

[1] *State v. Krier*, No. 09-0256, 2009 WL 2184825 at *7 (Iowa Ct. App. July 22, 2009).

*State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997) ("We conclude that Iowa's sex offender registration statute, Iowa Code chapter 692A, is not punitive . . . ."). Concerning Krier's second claim, we agree with the district court that the prosecutor did not breach the plea agreement; therefore, his trial counsel did not have a duty to object.

Pursuant to Iowa Court Rule 21.26(1)(d) and (e), we affirm the district court's denial of Krier's application.

**AFFIRMED.**