# IN THE COURT OF APPEALS OF IOWA

No. 15-0781
Filed July 27, 2016

**ANTHONY LEWIS PEACHER,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.

Anthony Peacher appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Anthony Peacher was adjudicated delinquent for the offense of assault with intent to commit sexual abuse on November 22, 2000, and again on December 3, 2001. On January 31, 2004, Peacher turned eighteen years old. The juvenile court held a hearing concerning the deferred question whether Peacher would be required to register as a sex offender. On February 24, 2004, the juvenile court entered an order requiring Peacher to register as a sex offender.

On August 13, 2014, Peacher filed an application for postconviction relief (PCR), contending the imposition of lifetime sex-offense-registry requirements constituted cruel and unusual punishment.[1] The State responded with a motion for summary judgment and dismissal, asserting a PCR action was not an available option for Peacher's claim and, in the alternative, his PCR application was time-barred. Peacher resisted, contending he was challenging an unconstitutional sentence, and the evolving nature of juvenile sentencing law provided a new ground of law that could not have been raised within the three-year limitations period of Iowa Code section 822.3 (2013).

On appeal, Peacher asserts the district court should have treated the application as a motion for modification of time required to be on the sex offender

---

[1] This contention requires the overruling of controlling precedent, *State v. Pickens*, 558 N.W.2d 396 (Iowa 1997), which this court is not in a position to do. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("Yet it is the prerogative of th[e] [supreme] court to determine the law, and we think that generally the trial courts are under a duty to follow it as expressed by the courts of last resort, as they understand it, even though they may disagree. If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.").

registry. He argues the remedy he requests is a modification of his sex-abuse-offense registry requirements.[2]

> Under the post–2009 statute, a juvenile adjudicated delinquent for a subject offense must register "unless the juvenile court waives the requirement and finds that the person should not be required to register under this chapter." [Iowa Code] § 692A.103(3) (2009). The statute also creates a procedure by which a juvenile, who is required to register, may request modification or suspension of the registration requirement. [*Id.*] § 692A.103(5).

*State v. Williams*, No. 12-1920, 2014 WL 70302, at *1 (Iowa Ct. App. Jan. 9, 2014) (preserving defendant's ineffective-assistance-of-counsel claim for PCR proceeding). The district court apparently concluded the juvenile court must address Peacher's claim.

Section 692A.103(5) provides: "If a juvenile is required to register pursuant to subsection 3, the juvenile court may, *upon motion of the juvenile*, and after reasonable notice to the parties and hearing, modify or suspend the registration requirements if good cause is shown." (Emphasis added.) Peacher was not a juvenile when filing his PCR application. Thus, we are not persuaded the subsection is the vehicle for Peacher's requested remedy.

However, Iowa Code section 692A.128(6) provides a procedure to petition the district court to modify sex-offender-registration requirements. *See State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 81-85 (Iowa 2014) (discussing the provision that allows modification of the registration requirements of sex offenders).

> The modification provision includes various safeguards promoting this purpose: offenders must have completed all sex offender treatment programs that have been required; offenders must have

---

[2] *See* Iowa Code § 692A.125(2)(a) (providing that the registration requirements of chapter 692A apply to "[a]ny sex offender including a juvenile offender who is required to be on the sex offender registry as of June 30, 2009").

completed a risk assessment and have been classified as low risk to reoffend; the district court may gather "any evidence deemed appropriate" to its determination and conduct a hearing on any application; and, for purposes of subsection 6, offenders must have completed any required periods of juvenile court and judicial district corrections supervision.

*Id.* at 84.

Peacher did not ask the district court to treat his PCR application as a motion for modification. And neither his PCR application nor resistance to the motion for summary judgment asserted he had completed all sex offender treatment programs required or a risk assessment. We decline to find error in the district court's failure to address the PCR application as a motion to modify registration requirements.

The dismissal of Peacher's PCR application does not prevent him from filing a motion pursuant to Iowa Code section 629A.128. We do not address the merits of such a motion as it is not before us. We affirm.

**AFFIRMED.**