# IN THE COURT OF APPEALS OF IOWA

No. 16-0102
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW EARL COX,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

Defendant appeals the district court's denial of his motion to correct illegal sentence as to the requirement that he must comply with lifetime registration as a sex offender pursuant to Iowa Code chapter 692A, even though his conviction was for a sex crime committed as a juvenile. **AFFIRMED.**

Elizabeth Araguás of Nidey, Erdahl, Fisher, Pilkington, & Meier, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Defendant Matthew Earl Cox appeals the district court's partial denial of his motion to correct illegal sentence pursuant to Iowa Rule of Criminal Procedure 2.24(5). Cox claims (1) the sentence to lifetime registration as a sex offender for a crime committed by him as a juvenile is punitive in nature; (2) lifetime registration as a sex offender constitutes cruel and unusual punishment in violation of state constitutional provisions when applied to him for a crime committed as a juvenile; (3) Iowa Code chapter 692A (2005), as applied to him, is an ex post facto application of the law; and (4) lifetime registration as a sex offender violates his rights under the federal and state Due Process Clauses because it imposes restrictions on his liberty without an individualized determination of his risk to the community. The first two issues have recently been decided adversely to Cox by the supreme court in *State v. Graham*, 897 N.W.2d 476 (Iowa 2017), and we are required to follow that precedent.[1] As the supreme court previously held in *State v. Pickens*, 558 N.W.2d 398, 400 (Iowa 1997), the provisions of Iowa Code chapter 692A are not punitive, so the statute is not subject to an ex post facto claim. Finally, we conclude Iowa Code chapter 692A does not violate due process. For these reasons, we affirm the district court.

**A.    Procedural and Factual Background.**

In 2006, a trial information accused Cox of sexual abuse in the second degree and alleged that between January 1, 1996, and December 31, 2005, he

---

[1] We note that the supreme court filed the *Graham* opinion on May 25, 2017, after the parties had submitted their briefs in this case.

committed a sex act against a child under the age of twelve. The victim turned twelve years of age in June of 1998. To fall under the definition of second-degree sexual abuse, the crime therefore had to have taken place before the child's birthday in June 1998. On that date, Cox was fifteen years old.

On January 29, 2008, a jury returned a guilty verdict against Cox for sexual abuse in the second degree, in violation of Iowa Code sections 709.1, 709.3(2), and 901A.2(3). Sexual abuse in the second degree is a class "B" felony.[2] On February 20, Cox was sentenced to a prison term not to exceed fifty years, plus a mandatory minimum of 85% of the sentence before eligibility for parole. He was also sentenced to lifetime parole and registration as a sex offender at the conclusion of the prison sentence. Cox filed an appeal as to his sentence. The supreme court vacated his sentence and remanded the case to the district court for resentencing. On January 16, 2009, Cox was resentenced to an indeterminate prison sentence of twenty-five years, plus a mandatory minimum requirement of 70%. Upon completion of his prison term, he is also required to register as a sex offender for his lifetime, pursuant to Iowa Code chapter 692A.

On November 24, 2015, Cox filed a motion to correct illegal sentence. Cox argued his sentences were illegal because he had committed the offense as a juvenile. Cox requested a twenty-five-year indeterminate sentence with

---

[2] There were other counts included in this trial information, and two different trials with two different victims were held. There were also three different appeals stemming from these charges. Count III, sexual abuse in the second degree, is the lone offense and conviction remaining after all appeals. For this count, Cox was sentenced in 2009. This count is the subject of this appeal. As to the other counts, see *State v. Cox*, 781 N.W.2d 757 (Iowa 2010).

immediate parole eligibility, that he be excluded from the mandatory minimum penalty imposed by Iowa Code section 902.12, that he not be subject to lifetime parole as set forth in Iowa Code chapter 903B, and that he not be subject to lifetime sex offender registration pursuant to Iowa Code chapter 692A. As to this last issue, he argued that the Iowa and United States Constitutions prohibit the State from imposing upon him, as a juvenile offender, a lifetime sex offender registration requirement. On January 6, 2016, the district court entered an order granting Cox's motion in part. In particular, the court ordered Cox was not subject to the 70% mandatory minimum and not subject to lifetime parole, but it denied Cox's request he be relieved from lifetime registration as a sex offender. Cox filed this timely appeal as to this last issue.

**B.      Standard of Review.**

A defendant may challenge the legality of a sentence at any time. *State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009); *accord State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014). While we ordinarily review challenges to illegal sentences for errors at law, we review allegedly unconstitutional sentences de novo. *Lyle*, 854 N.W.2d at 382; *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013). Statutes are presumed constitutional—to rebut this presumption, one must prove the statute unconstitutional beyond a reasonable doubt. *State v. Wade*, 757 N.W.2d 618, 622 (Iowa 2008); *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005). A statute is unconstitutional beyond a reasonable doubt if one refutes "every reasonable basis upon which the statute could be found to be constitutional." *Seering*, 701 N.W.2d at 661 (quoting *State v. Hernandez-Lopez*,

639 N.W.2d 226, 233 (Iowa 2002)); *see State v. Graham*, 897 N.W.2d at 481, *reh'g denied* (June 22, 2017).

**C.    Discussion.**

**I.    Whether the lifetime sex offender registration requirement for juvenile sex offenders is sufficiently punitive to designate it as a punishment and whether an argument can be made that it constitutes cruel and unusual punishment.**

Initially, Cox argues the appellate court must apply the analysis set out in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963) to determine if Iowa Code chapter 692A is punitive as applied to juveniles so as to be subject to a constitutional cruel-and-unusual-punishment challenge. In *Pickens*, our supreme court applied the *Mendoza-Martinez* test to Iowa Code chapter 692A and determined the statute is not punitive as applied to adults. 558 N.W.2d at 399-400. In *Seering*, the supreme court again examined Iowa Code chapter 692A with respect to a constitutional challenge to the "2000 foot rule" within the statute. 701 N.W.2d at 662-71. It found the statute withstood federal and state constitutional challenges as to claimed violations of substantive and procedural due process and cruel and unusual punishment. *Id.* at 670. Cox in this appeal asks us to review *Pickens* and *Seering* in light of a 2009 amendment to the statute, which he claims is "more limiting than its predecessors."

We find it unnecessary to undertake a *Mendoza-Martinez* analysis as the supreme court recently looked at the constitutionality of Iowa Code chapter 692A as applied to juveniles. See *Graham*, 897 N.W.2d at 488-91. In *Graham*, the supreme court addressed (1) whether a mandatory special sentence of lifetime parole is categorically cruel and unusual punishment and violates due process

when imposed on a juvenile, (2) whether mandatory lifetime sex offender registration is categorically cruel and unusual punishment and violates due process when imposed upon a juvenile, and (3) whether a mandatory special sentence of lifetime parole and mandatory lifetime sex offender registration, as applied, amounts to cruel and unusual punishment because the punishment is grossly disproportionate to the underlying offense. In examining these issues, the supreme court did not find it necessary to apply a *Mendoza-Martinez* analysis. It stated:

> In the past, however, we have held, at least as applied to adults, lifetime sex offender registration was not punitive under statutes then in existence. We have also held that an offender failed to show that the 2000-foot rule was effectively banishment as applied to him, and therefore punitive. And, while a federal district court in Iowa concluded that lifetime sex offender registration under Iowa Code chapter 692A was punitive after the development of a thorough record in *Doe v. Miller*, 298 F. Supp.2d 844, 871 (S.D. Iowa 2004), a divided United States Court of Appeals for the Eighth Circuit reversed.

*Graham*, 897 N.W.2d at 489 (citations omitted). The court concluded as to his categorical constitutional challenges,[3] the defendant "has not demonstrated any

---

[3] In *Graham v. Florida*, 560 U.S. 48, 61–62 (2010), the United States Supreme Court stated the following about categorical constitutional challenges:

> In the cases adopting categorical rules the Court has taken the following approach. The Court first considers "objective indicia of society's standards, as expressed in legislative enactments and state practice" to determine whether there is a national consensus against the sentencing practice at issue. Next, guided by "the standards elaborated by controlling precedents and by the Court's own understanding and interpretation of the Eighth Amendment's text, history, meaning, and purpose," the Court must determine in the exercise of its own independent judgment whether the punishment in question violates the Constitution.
>
> . . . [Where a] case implicates a particular type of sentence as it applies to an entire class of offenders who have committed a range of crimes. . . . a threshold comparison between the severity of the penalty and the gravity of the crime does not advance the analysis. . . . [T]he

injury in fact to entitle him to relief." *Id.* The supreme court left in place its prior opinions in *Pickens* and *Seering* and affirmed both the district court and court of appeals decisions holding that Iowa Code chapter 692A is not punitive and does not impose unconstitutional cruel and unusual punishment. *Id.* We are bound to follow that precedent. Under the present state of the law, lifetime sex offender registration requirements for juvenile sex offenders is not punitive. As such, Iowa Code chapter 692A, imposing lifetime sex offender registration, is not subject to a constitutional cruel-and-unusual-punishment challenge.[4] *See id.*

**II.** **Whether application of Iowa Code chapter 692A in this matter requiring Cox to register as a sex offender for life constituted an ex post facto application of the statute because a jury did not find that crime was committed before passage of the law.**

In *Pickens*, the supreme court, after applying a *Mendoza-Martinez* analysis, determined that Iowa Code chapter 692A, and particularly the sex offender registration provision, was not punitive and therefore not subject to objection as an ex post facto application of a punitive sanction. 558 N.W.2d at 400 (Iowa 1997) ("We conclude that Iowa's sex offender registration statute, Iowa Code chapter 692A, is not punitive and therefore is not ex post facto."). The supreme court reaffirmed *Pickens* in *Graham*, and we are obligated to follow

---

appropriate analysis is the one used in cases that involves the categorical approach. . . .

(Citations omitted.)

[4] We note the supreme court undertook a *Bruegger* analysis of Graham's challenges that lifetime parole as applied to him was a constitutional violation as cruel and unusual punishment. *Graham*, 897 N.W.2d at 489 (citing *Bruegger*, 773 N.W.2d at 863). The court held that Graham had not presented the kind of grossly disproportionate punishment based on his current parole status to support a cruel-and-unusual-punishment claim with respect to his parole. *Id.* at 491. The supreme court apparently found it unnecessary to conduct such analysis of the lifetime registration requirement since it had already held it was not punitive and therefore not subject to a constitutional cruel-and-unusual challenge.

supreme court precedent. *See Kersten Co. v. Dep't of Soc. Servs.,* 207 N.W.2d 117, 121–22 (Iowa 1973). Thus, we must conclude the district court did not err in denying Cox's claim that requiring him to register as a sex offender for a crime committed as a juvenile was an illegal ex post facto sentence. Under the current state of the law, Iowa Code chapter 692A is not punitive, and therefore its application to Cox is not ex post facto.

**III.    Whether application of Iowa Code chapter 692A lifetime registration violates Cox's rights under the Due Process Clause because it imposes restrictions on his liberty without a determination of his risk to the community.**

We note at the outset that the supreme court in *Graham* declined to address the due process challenge because it had not been raised before the district court. Cox raised the due process issue here. In his motion to correct illegal sentence, he argued Iowa Code chapter 692A did not provide for an individualized determination of his risk to the community while requiring him to be on the sex offender registry for his lifetime and violated his due process rights under both the federal and state constitutions.[5] He also argued the statute created an "irrebutable presumption" that Cox would be required to register for life, which would violate his due process rights when imposed without a risk assessment. The district court ruled Iowa Code chapter 692A did not violate Cox's due process rights:

> The defendant's main argument is that he is not given an opportunity under chapter 692A for an individualized determination of whether he should be on the sex offender registry for his lifetime. However, I note that Iowa Code section 692A.128 contradicts the defendant's position in this regard. It provides a procedure through

---

[5] Specifically, article I, section 9 of the Iowa Constitution and the 14th Amendment of the United States Constitution.

which the defendant can seek to modify the sex offender registry requirements as it relates to him, particularly in the term of the requirement for registration. It further allows for a judicial review to modify the length of time the defendant would be required to register. The defendant argues that this procedure falls short of satisfying due process because the director of the judicial department of the correctional services that supervises the sex offender can, in effect, veto an effort at modification. This is not an issue which is ripe for determination at this time as the defendant is not yet required to register under chapter 692A. *See* Iowa Code § 692A.103(1)(b), (c) ("A sex offender shall . . . register in compliance with the procedures specified in this chapter . . . commencing as follows: . . . [f]rom the date of release on parole or work release [or] [f]rom the date of release from incarceration.")

Cox reasserts the same arguments here on appeal. He further argues that the district court erred in relying on Iowa Code section 692A.128 because "[t]he modification provisions are only available to Cox once he has left the custody of the State and is required to register." His argument here is "the imposition of lifetime registration at the outset was illegal as to Cox, due to his status as a juvenile, and due to the fact that the statute was enacted possibly after he committed his crime."[6]

We address these arguments in reverse order. We have already discussed above that in *Pickens*, the supreme court held Iowa Code chapter 692A is not punitive and thus not subject to an ex post facto challenge.

The second argument focuses on the mandatory imposition of lifetime sex offender registration on Cox at sentencing, maintaining it is unconstitutional for

---

[6]  In his reply brief, Cox's argument has morphed from an attack on lifetime sex offender registration for juveniles to an attack on automatic registration by juvenile offenders regardless of the duration. He further contends: "So why then do we make offenders like Cox linger on the registry and work around these myriad restrictions for five years before allowing him that opportunity?" These issues were neither presented to the district court nor initially raised by Cox in his appellant's brief. We do not address them here. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

violating his right to due process and asking us to disregard Iowa Code §692A.128 because it only applies at a later time after Cox is required to register.

We are to weigh three factors to determine what process is due:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement[s] would entail.

*State v. Willard*, 756 N.W.2d 207, 214 (Iowa 2008) (quoting *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)).

Cox claims to have a liberty interest at stake with imposition of a sex offender registration requirement. The supreme court has found Iowa Code chapter 692A is not punitive; therefore, Cox does not have a liberty interest at stake in registering as a sex offender. Even assuming Cox has such a liberty interest, the risk of a deprivation is practically nonexistent. Before the sex offender registration requirement could be imposed, Cox had to be found guilty beyond a reasonable doubt by a jury in a court of law of a qualifying sex crime with all of the procedural safeguards inherent in our criminal justice system. Our criminal court processes provide the highest level of due process—there is no probable value of additional or substitute safeguards, as was discussed in *Willard*. As to the government's interest in requiring sex offender registration, both the United States and Iowa Supreme Court have conclusively rejected the viability of a procedural due process challenge to a sex offender registry requirement premised upon a conviction. *See Conn. Dep't of Pub. Safety v. Doe*,

538 U.S. 1, 7-8 (2003); *Willard*, 756 N.W.2d at 215; *Seering*, 701 N.W.2d at 665-66.

The issue raised by Cox is not whether he must register; but since he was a juvenile at the time of the crime, whether a lifetime registration requirement is constitutional. His theory is that mandatory lifetime registration as a sex offender unconstitutionally deprives him of due process since he was a juvenile when he committed the sex offenses. This theory is based upon an extension of recent United States and Iowa Supreme Court decisions that have held automatic or mandatory imposition of these types of sentences without an individualized determination of appropriate application to a juvenile defendant violates due process. *See, e.g.*, *Miller v. Alabama*, 567 U.S. 460, 489 (2012); *State v. Propps*, 897 N.W.2d 91, 98–100 (Iowa 2017) (collecting cases).

The district court ruled that the current statutory scheme in Iowa Code chapter 692A does not violate Cox's constitutional right to due process as the 2009 enactment includes section 692A.128, which provides Cox with the ability to file an application with a court requesting relief from the lifetime sex offender registration requirement.[7] Since Cox has this remedy available through the district court, he is not subjected to lifetime registration as a sex offender; if he complies with the statutory requirements, which do not appear to be onerous, he may have his registration requirement lifted by the court. The requirements set out in section 692A.128(2)(a)-(e) include completion of sex offender treatment

---

[7] Iowa Code section 692A.128(1) provides: "A sex offender who is on probation, parole, work release, special sentence, or any other type of conditional release may file an application in district court seeking to modify the registration requirements under this chapter."

and a risk assessment of likelihood to reoffend. These requirements appear reasonably related to the purpose of the statute, both in requiring registration of sex offenders and in making an individualized assessment whether the person is no longer a risk to the community and need no longer register.

Cox next argues the statute is still unconstitutional because the court imposes the lifetime registration requirement at sentencing and under the statute Cox cannot apply for relief until after he has been required to register—and then not for another five years.[8] We cannot accept his argument for several reasons. First, Cox's argument before the district court and as initially set out here is that it is the *automatic lifetime* sex offender registration applied to him for a crime committed as a juvenile that violates his due process rights, not that a sex offender registration requirement itself is a violation. Even if we were to hold imposition of a mandatory lifetime sex offender registration as to a juvenile offender violated due process, Cox would still be required to register as a sex offender for some period. Imposing the registration requirement at sentencing does not violate due process.

Second, section 692A.103(2) provides: "A sex offender is not required to register while incarcerated. However, the running of the period of registration is tolled pursuant to section 692A.107 if a sex offender is incarcerated." It only makes sense that the determination of whether a sex offender should be relieved

---

[8] Iowa Code section 692A.128(2) provides:
> An application shall not be granted unless all of the following apply:
> a. The date of the commencement of the requirement to register occurred at least two years prior to the filing of the application for a tier I offender and five years prior to the filing of the application for a tier II or III offender.

It is not contested that based upon his conviction, Cox is a tier III offender. *See* Iowa Code § 692A.102(1)(c)(8).

of the obligation to register not be made at the time of sentencing, but upon the filing of an application after that person has been required to register.[9] The purpose of the registration is to keep track of sex offenders when they are in the community. It makes no sense to require an incarcerated person to register for tracking purposes. It also makes no sense to determine a defendant's risk to the community at the time of sentencing, before he serves a possibly lengthy period of incarceration and participates in the sex offender treatment program. It makes more sense, as the legislature determined, to determine a defendant's risk to the community when he or she returns to the community, which is contemporaneous with the defendant's requirement to register as a sex offender.

Under our record, Cox is still incarcerated and is not yet required to register. His argument that he should not be required to register is premature— or, as the district court stated, is not ripe.

---

[9] Iowa Code section 692A.103(1)(a)-(f) provides:
. . . A sex offender shall, upon a first or subsequent conviction, register in compliance with the procedures specified in this chapter, for the duration of time specified in this chapter, commencing as follows:
a. From the date of placement on probation.
b. From the date of release on parole or work release.
c. From the date of release from incarceration.
d. Except as otherwise provided in this section, from the date an adjudicated delinquent is released from placement in a juvenile facility ordered by a court pursuant to section 232.52.
e. Except as otherwise provided in this section, from the date an adjudicated delinquent commences attendance as a student at a public or private educational institution, other than an educational institution located on the real property of a juvenile facility if the juvenile has been ordered placed at such facility pursuant to section 232.52.
f. From the date of conviction for a sex offense requiring registration if probation, incarceration, or placement ordered pursuant to section 232.52 in a juvenile facility is not included in the sentencing, order, or decree of the court, except as otherwise provided in this section for juvenile cases.

Even if Cox's claim were ripe, it would still fail. The only evidence Cox requested the court to consider at the hearing on the motion to correct illegal sentence was a letter from his correctional counselor summarizing his disciplinary record while in prison. This does not amount to an individualized risk assessment that would allow the court to determine Cox no longer poses a risk to commit further sex offenses and should not be subject to Iowa Code chapter 692A.[10]

Moreover, even though the district court is required by the statute to impose at sentencing a lifetime requirement to register as a sex offender, such lifetime requirement is not mandatory or irrebuttable. Depending on a defendant's compliance with requirements in Iowa Code section 692A.128, the lifetime requirement may be lifted. "Lifetime," as used in "lifetime sex offender registry," does not mean lifetime. Since the lifetime requirement is rebuttable, it does not violate due process. *LuGrain v. State*, 479 N.W.2d 312, 315–16 (Iowa 1991).

To require a district court to make a risk assessment and determination at sentencing whether a person convicted of a sex offense should be subject to sex offender registration would impose significant and unrealistic burdens on the government under the third prong of the due process analysis set out above, including fiscal and administrative burdens that the additional or substitute procedural requirements would entail. *See Willard*, 756 N.W.2d at 214. Iowa Code section 692A.128 provides a process for persons in Cox's position to

---

[10] The legislature provided a more thorough list of required evidence to be submitted on the application for the court to make the appropriate individualized risk assessment. See Iowa Code § 692A.128(2)(a)-(e).

obtain relief from the lifetime obligation. The legislative scheme in Iowa Code chapter 692A that the sex offender registration requirement be imposed at sentencing, and not challenged until after registration is required, which triggers the right to apply to have the registration obligation lifted, makes more sense and does not violate Cox's due process rights. There is no logic to a finding, as Cox argues here, that his constitutional due process rights are violated because Iowa Code chapter 692A does not contain a provision for an individualized determination of appropriate application of lifetime registration at sentencing, when the statute provides a process for lifting the lifetime registration requirement once the registration requirement has been triggered.

Cox finally argues that Iowa Code section 692A.128 does not cure due process deficiencies in the lifetime registration requirements of Iowa Code chapter 692A "because it largely takes place outside of a court of law." The statute, section 692A.128(1), provides the application is to be filed in district court. Due process may thus be presumed. Cox, however, contends that the statute contains a provision where the hearing process may essentially be vetoed "upon the whim" of the judicial district department of correctional services by withholding its stipulation to the application.[11] The district court at the hearing on the motion to correct illegal sentence questioned defense counsel on this point, asking, "[W]ould not we [the court] read a reasonableness standard into that requirement on the part of the Director or his designee?" The district court's

---

[11] One of these requirements is that "[t]he director of the judicial district department of correctional services supervising the sex offender, or the director's designee, stipulates to the modification, and a certified copy of the stipulation is attached to the application." *See* Iowa Code § 692A.128(2)(e).

question was square on. A court "will grant relief where substantial rights of party have been prejudiced because agency action . . . is unsupported by substantial evidence, is unreasonable, arbitrary, or capricious, or is affected by other error of law." *Dico, Inc. v. Iowa Emp't Appeal Bd.*, 576 N.W.2d 352, 354 (Iowa 1998). The department could not refuse to stipulate to the modification application "on a whim," or for a reason unsupported by evidence, or on an unreasonable, arbitrary, or capricious basis.

We thus conclude that application of Iowa Code chapter 692A's lifetime registration does not violate Cox's rights under Federal and state Due Process Clauses, because the 2009 amendment implementing Iowa Code section 692A.128 provides relief from the lifetime requirement based upon a determination of his risk to the community.

**D.    Conclusion.**

Having addressed all of Cox's arguments, we conclude the district court was correct in denying in part his motion to correct illegal sentence with regard to the requirement that he register as a sex offender pursuant to Iowa Code chapter 692A.

**AFFIRMED.**