# IN THE COURT OF APPEALS OF IOWA

No. 17-2100
Filed October 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH J. SHADLOW,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

        The defendant challenges his sentence for failure to comply with the sex

offender registry.  **AFFIRMED.**

        Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

In 1997, Kenneth Shadlow was convicted of sexual exploitation of a minor. As part of his sentence, he was required to comply with the sex offender registry. In 2016, Shadlow pleaded guilty to failure to comply with the sex offender registry (second offense), in violation of Iowa Code sections 692A.104 and 692A.111 (2016), as a habitual offender, in violation of Iowa Code sections 902.8 and 902.9. The district court sentenced him to an indeterminate term of incarceration not to exceed fifteen years, suspended the sentence, and placed him on probation.

In this direct appeal, Shadlow claims continued application of the registry requirements to him is an illegal sentence imposed in violation of the ex post facto clause. "The ex post facto clauses of the federal and state constitutions forbid enactment of laws that impose punishment for an act that was not punishable when committed or that increases the quantum of punishment provided for the crime when it was committed." *State v. Pickens*, 558 N.W.2d 396, 397 (Iowa 1997).

Shadlow's claim is not preserved for appellate review. This court is a statutory court authorized to correct legal error. *See* Iowa Code § 602.5103 (2018) (providing the court of appeals "constitutes a court for correction of errors at law"). Shadlow failed to present his claim to the district court. There is thus no decision to review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Shadlow contends this court can nonetheless address the claim on the merits because his claim is a challenge to an illegal sentence, which can be raised at any time. *See State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010) ("Therefore,

the defendant's claim may be urged on appeal notwithstanding trial counsel's failure to object to imposition of the sentence of lifetime parole. Accordingly, we will consider the defendant's ex post facto challenge to this aspect of his sentence directly and not under an ineffective-assistance-of-counsel framework."). Shadlow's contention fails.

Although Shadlow styles his claim as a challenge to his sentence in this case, he is actually challenging his conviction in this case. The sentence in this case is the habitual offender sentence imposed pursuant to section 902.8 following the defendant's conviction for failure to comply with the sex offender registry. Here, the defendant does not contend his sentence for violating the sex offender registry was unlawful. Instead, he contends he could not legally be convicted of violating the sex offender registry because the registry requirement has now become unconstitutional. The defendant is really challenging the legality of his 1997 sentence and not the sentence in this case. Our supreme court has already rejected the same claim as a mis-styled ex post facto claim:

> We also do not believe that the statute increases the punishment for a crime after its commission. While Seering's prior offenses may serve as a factual basis for application of the statute, it is the violation of the residency restriction statute itself that makes him subject to a new punishment. We have previously rejected similar ex post facto claims based on alleged increases in punishment for offenders previously convicted of offenses that make them subject to a new criminal penalty for a new statutory violation. The residency restriction statute makes Seering potentially subject to further criminal penalty based on his status as a sex offender, but does not 'enhance the sentence imposed by the court for the offense originally committed'—namely, his prior sex offenses. Instead, the residency restriction carries its own penalty for a violation of the statute based on conduct subsequent to the prior criminal activities of an offender.

*State v. Seering*, 701 N.W.2d 655, 669 (Iowa 2005) (citations omitted).

Regardless, even if the claim were properly before this court, the claim fails. Controlling cases have rejected materially indistinguishable claims. *See Smith v. Doe*, 538 U.S. 84, 105–06 (2003) (holding a similar law was a "civil regulatory scheme" and its retroactive application did not violate the ex post facto clause); *Seering*, 701 N.W.2d at 668 ("Considering all these factors, we cannot conclude that the statute imposes criminal punishment under this record. Notwithstanding, even if it was sufficiently penal in nature, we do not believe the statute punishes action that has occurred prior to the statute's enactment or increases the punishment for a crime after its commission."); *Pickens*, 558 N.W.2d at 400 ("We conclude that Iowa's sex offender registration statute, Iowa Code chapter 692A, is not punitive and therefore is not ex post facto."). We are not at liberty to overrule these precedents. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

We affirm the defendant's conviction and sentence.

**AFFIRMED.**