# IN THE COURT OF APPEALS OF IOWA

No. 20-1405
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH DANIEL HUNTOON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

Joseph Huntoon appeals the denial of his motion to dismiss his lifetime sex offender registration requirement. **AFFIRMED.**

J. Joseph Narmi, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Joseph Huntoon appeals the denial of his motion to dismiss his lifetime sex offender registration requirement, alleging a violation of his constitutional rights. We find Huntoon's constitutional rights have not been violated and affirm the district court ruling.

"Our standard of review for rulings on constitutional challenges to a sex offender registration statute is de novo." *State v. Aschbrenner*, 926 N.W.2d 240, 245–46 (Iowa 2019).

On June 9, 2009, Huntoon pleaded guilty to four misdemeanors: assault with intent to commit sexual abuse without causing injury, lascivious contact with a minor, indecent exposure, and serious misdemeanor assault. The court imposed consecutive sentences, for a total term of five years, suspending the terms of imprisonment and placing Huntoon on supervised probation for two years. With respect to the sexual-abuse offenses, pursuant to Iowa Code section 903B.2 (2009), the court imposed the ten-year special sentence parole terms and ordered Huntoon "abide by the Iowa Sex Offender Registry Laws."

In 2017, Huntoon sought a determination under Iowa Code section 692A.116 as to whether he was still required to register as a sex offender. The department of public safety determined Huntoon is required to register for life under Iowa Code section 692A.106(5) (2017).[1]

---

[1] The department's "Decision of Determination" noted Huntoon falls under the current version of the sex offender registry laws because the chapter applies retroactively to "[a]ny sex offender . . . who is required to be on the sex offender registry as of June 30, 2009." *See* Iowa Code § 692A.125(2)(a).

On March 26, 2020, Huntoon filed a motion to dismiss the lifetime sex offender registry requirement, arguing it violates his constitutional rights. The district court determined the sex offender registry requirements are not punitive and, therefore, are not ex post facto, and it overruled Huntoon's motion to dismiss. Huntoon appeals.

Huntoon argues the sex offender registry law amendments effective July 1, 2009, increased the severity of his punishment after its imposition in violation of the Ex Post Facto, Due Process, and Cruel and Unusual Punishment Clauses of the state and federal constitutions. When Huntoon pleaded guilty in June 2009, his offenses required registry for a period of ten years. *See* Iowa Code § 692A.2 (2009). But our legislature amended the chapter governing the sex offender registry on May 21, 2009; the statute now requires that "A sex offender . . . upon conviction of an aggravated offense . . . register for life." Iowa Code § 692A.106(5) (2020). Huntoon's conviction for assault with intent to commit sexual abuse is a conviction for an aggravated offense under the old and amended versions of the statute. *See* Iowa Code § 692A.1(1)(e) (2009); Iowa Code § 692A.101(1)(a)(5) (2020).

At times, Huntoon's argument conflates his section 903B.2 (2009) special sentence with the sex offender registry requirements. He cites *State v. Lathrop*, 781 N.W.2d 288, 296–97 (Iowa 2010), as controlling authority on his ex post facto claim, where the supreme court found a chapter 903B special sentence is punitive and the constitutional ex post facto prohibition applies. But chapter 903B special sentences and chapter 692A sex offender registry requirements are separate and distinct, and Huntoon does not explain why *Lathrop* should apply to chapter 692A

requirements. We do not apply *Lathrop*, and instead turn to dispositive sex offender registry cases in our analysis.

Our supreme court has repeatedly and specifically stated, "Iowa's sex offender registration statute, Iowa Code chapter 692A, is not punitive and therefore is not ex post facto." *Aschbrenner*, 926 N.W.2d at 247–49 (quoting *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997)) (noting the many jurisdictions concluding sex offender registration statutes are not punitive).[2] The court re-examined the constitutionality of the sex offender registration statutes in depth in *Aschbrenner,* concluding the restrictions are not punitive for adult offenders. *Id.* at 250. Huntoon does not distinguish *Aschbrenner*, and we find its holding dispositive. Huntoon's registry requirement does not violate the ex post facto provisions of the state and federal constitutions.

Huntoon also asserts a procedural due process challenge, alleging a "complete physical restraint" imposed by the registry requirement. Since the 2009 amendment, the sex offender registry statutes have provided a procedure for an offender to request a modification of their registration requirements—up to and including release from the obligation to register as a sex offender—when they meet certain conditions. Iowa Code § 692A.128; *see also In re T.H.*, 913 N.W.2d 578, 586 (Iowa 2018) ("Accordingly, if T.H. abides by all of the registration requirements, completes all of the ordered treatment programs, and progresses to the point that he may be deemed a low risk to reoffend, he may be released from the obligation to register as a sex offender after five years."); *State v. Iowa Dist. Ct.*, 843 N.W.2d

---

[2] The *Aschbrenner* court clarified the sex offender registration statute was punitive as to juvenile offenders but not adult sex offenders. 926 N.W.2d at 248–50.

76, 81–85 (Iowa 2014) (examining the applicability of section 692A.128). We have determined in the past that a "lifetime requirement is not mandatory or irrebuttable" because section 692A.128 provides a means to lift it, and therefore it does not violate due process. *State v. Cox*, No. 16-0102, 2017 WL 4317289, at *7–8 (Iowa Ct. App. Sept. 27, 2017). Huntoon has not availed himself of the process provided under the statute and does not explain how that process does not adequately protect his due process rights. We reject this challenge.

Finally, Huntoon contends his continued placement on the sex-offender registry is cruel and unusual punishment due to "the physical restraints, the stigma, and the constant monitoring past the ten years." As already noted, placement on the sex offender registry is not considered punitive. *See Aschbrenner*, 926 N.W.2d at 247. Huntoon provides no authority to the contrary to support his claim and makes no argument beyond bare assertions the consequences of presence on the registry are cruel and unusual punishment. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3).

We reject Huntoon's ex post facto, due process, and cruel and unusual punishment challenges under the Iowa and Federal Constitutions. We affirm.

**AFFIRMED.**