# IN THE COURT OF APPEALS OF IOWA

No. 23-0153
Filed August 7, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT EUGENE WIMER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Guthrie County, Stacy Ritchie, Judge.

The appellant challenges the district court's denial of his motion to end the requirement he register as a sex offender, asserting the continued requirement constitutes cruel and unusual punishment. **AFFIRMED.**

Karmen R. Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**POTTERFIELD, Senior Judge.**

Robert Wimer appeals the denial of his motion to end the requirement he register as a sex offender. Wimer does not challenge the district court's application of law or conclusions reached in denying the motion; he argues for the first time on appeal that his continued requirement to register as a sex offender—which is set to last until 2031—constitutes cruel and unusual punishment. *See* U.S. Const. amend. VIII; Iowa Const. art. I, § 17.

But as the State argues, the requirement to register as a sex offender is not "punishment." *See Smith v. Doe*, 538 U.S. 84, 105–06 (2003) (holding Alaska's Sex Offender Registry Act, which contains a registration requirement and notification system, nonpunitive); *State v. Aschbrenner*, 926 N.W.2d 240, 248 (Iowa 2019) ("[E]very circuit of the United States Court of Appeals has concluded that sex offender registration statutes are nonpunitive."); *State v. Hess*, 983 N.W.2d 279, 285 (Iowa 2022) (reiterating that for adult offenders, "mandatory sex offender registration remains nonpunitive"); S*tate v. Sallis*, 786 N.W.2d 508, 517 (Iowa Ct. App. 2009) (holding "the registration requirement" is "not 'punishment'"); *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997) (holding the registration requirement is "remedial" and "not punitive" (citation omitted)). And because the registration requirement is not punishment, it cannot be cruel and unusual punishment. *See In re T.H.*, 913 N.W.2d 578, 587 (Iowa 2018) ("Before we can assess whether mandatory sex offender registration for certain juveniles is cruel and unusual, we must first determine that registration is, in fact, punishment."); *Doe v. Miller*, 405 F.3d 700, 723 n.6 (8th Cir. 2005) ("In view of our conclusion that

the statute is not punitive, it follows that the law is not a 'cruel and unusual punishment' in violation of the Eighth Amendment.").

Without further consideration, we affirm.  *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**